UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC KIMBROUGH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01033-SLD |
| ) | |
| NICK MASON, et al., ) | |
|     Defendants. ) | |

## MERIT REVIEW ORDER

**HAROLD A. BAKER, United States District Judge:**

Plaintiff *pro se*, Eric Kimbrough, who is currently detained at the Peoria County Jail, filed a complaint [1] under 42 U.S.C. § 1983 and a motion regarding the recruitment of counsel [5] as provided by 28 U.S.C. § 1915(e)(1).

### I. THE SCREENING STANDARD

Plaintiff's complaint is before the Court for merit review pursuant to 28 U.S.C. §1915A, which requires the Court to "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

## II. FACTUAL BACKGROUND

On December 3, 2019, Plaintiff was walking to a business in downtown Peoria when he noticed a white male behind him who was moving very fast and attempting to get Plaintiff's attention. Plaintiff could not recall what the person was saying, but Plaintiff "panicked in fear of his safety" and started running. (ECF 1: p. 5.) Plaintiff states that he was then "brutally tackled to the ground." (*Id.*) Plaintiff does not know if he lost consciousness or if his brain blocked the traumatic experience, but Plaintiff cannot recall what occurred after he fell to the ground. Plaintiff asserts that he suffered the following injuries: "a broken toe; massive head contusions; several face lacerations, which required stitches; a black eye; swelling around [his] orbital socket; a shoulder contusion; ruptured blood vessel in [his] eye; and [a] severe concussion." (*Id.*) Plaintiff recalls that Defendant Mason told him that he had been following Plaintiff and intended to apprehend Plaintiff based on an outstanding misdemeanor failure-to-appear warrant.

## III. ANALYSIS

### A. Plaintiff's Complaint

An officer who has the legal right to arrest a person can use physical force to complete the arrest. *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Allegations that a police officer used excessive force during an arrest, investigatory stop, or seizure of a citizen are analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Determining the reasonableness of the force used "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotation marks omitted). "Such an analysis is inherently fact-dependent, requiring consideration of such factors as the severity of

the crime at issue, whether the person posed an immediate threat to the safety of the officers or others, and whether the person was actively resisting the officers." *Williams v. Ind. State Police Dep't.*, 797 F.3d 468, 472–73 (7th Cir. 2015).

"Throughout the analysis, the reasonableness inquiry is an objective one, which examines whether the officer's actions are objectively reasonable in light of the totality of the facts and circumstances confronting him or her, without regard for consideration of the officer's subjective intent or motivations." *Id*. at 473. The use of force is unreasonable if, given the circumstances confronting the officer, he "used greater force than was reasonably necessary to effectuate the seizure." *Id*. (citing *Graham*, 490 U.S. at 397.) In considering such a claim, the Court must remain mindful of the "incredibly difficult task facing law enforcement officers called to address fluid situations such as those presented in these cases." *Williams*, 797 F.3d at 473.

The Court concludes that Plaintiff has provided enough facts to state a Fourth Amendment excessive force claim against Defendant Mason. If, as Plaintiff alleges, he lost consciousness after falling to the ground, then Defendant Mason may be liable for the numerous injuries Plaintiff claims Mason inflicted. However, Plaintiff's complaint does not state a claim for relief against the Peoria Police Department because Plaintiff's complaint contains no allegations that could subject the Department to liability.

### B. Recruitment of Counsel

Plaintiff has also filed a motion that seeks the Court's assistance in recruiting counsel [5]. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although

indigent civil litigants have no constitutional right to counsel, a district court may in its discretion request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's motion for recruitment of counsel, with leave to renew upon demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received. If Plaintiff files another motion for recruitment of counsel, he should also provide his education level, prison classes he has completed, employment history in and out of prison, and prior litigation experience, if any.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourth Amendment excessive force claim against Defendant Mason. Plaintiff's claim against Mason proceeds in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Court directs the Clerk to terminate the Peoria Police Department as a Defendant.**

3) **The Court DENIES Plaintiff's motions for recruitment of counsel [5].**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed**

**Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED April 21, 2020.

s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
